UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOYCE ELAINE VALDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-56-TAV-SKL |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge Susan K. Lee [Doc. 18]. In the R&R, Magistrate Judge Lee recommends that plaintiff's motion for judgment on the pleadings [Doc. 14] be denied, and defendant's motion for summary judgment [Doc. 16] be granted. In doing so, Judge Lee concludes that substantial evidence supports the Commissioner's decision that plaintiff was not disabled during the relevant period, and that the Commissioner adequately weighed the opinion of Nurse Practitioner Rita Milner. Plaintiff submitted an objection to the R&R [Doc. 19], and the Commissioner responded [Doc. 20].

**I.     Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806

F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II.  Analysis[1]

In the R&R, Judge Lee recommends upholding the Commissioner's conclusion that plaintiff was not disabled, because the Commissioner applied the correct legal standard and her decision was supported by substantial evidence [Doc. 18 p. 11]. In her objection to the R&R, plaintiff argues that Judge Lee's recommendation is incorrect, because the Administrative Law Judge ("ALJ") erred in rejecting the opinion of plaintiff's treating nurse practitioner, Rita Milner. Plaintiff further argues that the ALJ erred by considering the opinions of two state agency, non-examining medical consultants when reaching a disability determination. The Court will address each argument in turn.

### A.  The ALJ's Treatment of Milner's Opinion

Plaintiff argued before Judge Lee that the ALJ erred in discounting Milner's opinion, contending that because Milner was the only examining source in the record, the ALJ should have given her opinion substantial weight.

In discounting Milner's opinion, the ALJ addressed the opinion in the following way:

> On May 21, 2014, Rita P. Milner, N.P., a treating source, provided an assessment regarding the claimant's ability to engage in physical work

---

[1] The Court presumes familiarity with the R&R.

> activity. Joanna Filchock, M.D., a clinic physician, endorsed the assessment but never treated the claimant. Ms. Milner opined the claimant could lift and carry up to ten pounds infrequently and up to five pounds occasionally. She noted the claimant could occasionally grasp small objects and engage in tasks requiring fine manipulation. She stated the claimant could never type or write. Ms. Milner concluded the claimant would exceed four absences each month due to chronic fatigue and anxiety.
>
> As a nurse practitioner, Ms. Milner is not an "acceptable medical source" under the Regulation for authoritative independent opinions. Further, her opinion is inconsistent with the record as a whole. For example, medical records indicate the claimant suffers no residual effects from a remote cerebral ventricular accident. The record also indicates the claimant remains asymptomatic despite her cardiovascular condition. Progress notes indicate her condition is controlled with conservative medications such as Metoprolol Tartrate 25 mg.

[Doc. 18 p. 9–10 (citing Tr. 17)].

In the R&R, Judge Lee analyzed this treatment of Milner's opinion, and found that "the ALJ met the applicable standard and adequately set forth her reasons for discounting [Milner's] opinion" [*Id.* at p. 11]. In reaching this conclusion, Judge Lee noted that the ALJ "properly acknowledged Milner's treatment relationship with plaintiff, but found that factor outweighed by the opinion's inconsistency with the record as a whole" [*Id.*]. Judge Lee further stated that because Milner was not an "accepted medical source," but rather was an "other source," the ALJ was not required to either give Milner's opinion controlling weight, or give reasons why she did not give it controlling weight [*Id.* at 8].

In her objection, plaintiff argues that Judge Lee was incorrect in concluding that the ALJ adequately weighed Milner's opinion. Specifically, plaintiff argues that although Milner is not an "acceptable medical source" under the regulations, because she was the only treating source in the record, her opinion should have been afforded more weight by the ALJ. In support of this argument, plaintiff asserts that the Social Security Commissioner's

3

regulations value an examining and treating source because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence . . . ." *See* 20 C.F.R. § 404.1527.

The Court has considered this argument, and finds that it is not well taken. As an initial point, the Court notes that this argument largely reiterates points which plaintiff already made to Judge Lee. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context"). Additionally, although Milner's opinion may be the only treating source in the record, the Court agrees with Judge Lee that discounting the opinion was within the ALJ's discretion. The Sixth Circuit has noted that because nurse practitioners are "non-acceptable medical sources," their opinions are not entitled to any weight or deference. *See Noto v. Comm'r of Soc. Sec.*, 632 F.App'x 243, 248–49 (6th Cir. 2015). Rather, "the ALJ has discretion to assign [their opinions] any weight he feels appropriate based on the evidence of record." *See id.* Therefore, because Milner is a nurse practitioner, the ALJ was not required to accord her opinion any degree of deference.[2]

---

[2] Plaintiff cites to a number of cases for the proposition that "opinions of a treating physician are entitled to great weight and generally are entitled to greater weight than the contrary opinion of a consulting physician." *See e.g., Farris v. Sec. of Health and Human Services*, 773 F.2d 85, 90 (6th Cir. 1985). Because Milner is a nurse practitioner, not a physician, these cases do not support plaintiff's argument. *See Meuzelaar v. Comm'r of Soc. Sec.*, 648 F. App'x 582, 584 (6th Cir. 2016) (noting that "the opinion of a nurse or a nurse practitioner is entitled to less weight than a physician's opinion because a nurse is not an 'acceptable medical source'").

4

The Court does note, however, that while the ALJ was not required to accord Milner's opinion any degree of deference because she is not an "acceptable medical source," the Sixth Circuit has recognized that "the commissioner must make an adequate record of the commissioner's consideration of an 'other source' who has seen the claimant in the source's professional capacity." *Estep v. Comm'r of Soc. Sec.*, No. 15-cv-10329, 2016 WL 1242360, at *3 (E.D. Mich. Mar. 30, 2016). Furthermore, Social Security rulings indicate that when considering the opinion of an "other source" that had seen the claimant in their professional capacity, the ALJ should "explain the weight given to opinions for these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows the claimant or subsequent reviewer to follow the adjudicator's reasoning." *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (quoting SSR 06-03P, 2006 WL 2329939, at *7 (Aug. 9, 2006)).

Upon review of the ALJ's treatment of Milner's opinion, the Court agrees with Judge Lee that the ALJ met these standards by considering Milner's opinion and records, and determining that the opinion was inconsistent with the rest of the record of plaintiff's case. In finding that Milner's opinion was inconsistent with the rest of the record, the ALJ provided specific examples to support this conclusion, such as the fact that the record indicated that plaintiff remained asymptomatic despite her cardiovascular condition, and that plaintiff's condition could be controlled with conservative medications. *See Grant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585–86 (6th Cir. 2010) ("Impairments that are controllable or amenable to treatment cannot support a finding of disability."). Thus, the

5

ALJ made an adequate record of her consideration of Milner's opinion, and set forth her reasons for discounting that opinion. *See Estep*, 2016 WL 1242360, at *3. In doing so, the ALJ addressed Milner's treatment of plaintiff, but ultimately concluded that the rest of the record outweighed Milner's opinion. Furthermore, the ALJ analyzed Milner's opinion in such a way that the Court is able to follow the ALJ's reasoning.

Although plaintiff appears to acknowledge that the ALJ was not absolutely required to base her determination upon Milner's opinion, plaintiff also argues that because Milner's opinion was the only one rendered by someone that actually treated plaintiff, Social Security Ruling 06-03P ("SSR") mandates that Milner's opinion be given more weight. SSR 06-03P states in relevant part:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners . . . have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file.

SSR 06-03P, 2006 WL 2329939, at *2.

By failing to find plaintiff disabled based on Milner's opinion, plaintiff argues that the ALJ did not follow the mandates of SSR 06-03P. The Court has considered this argument, and finds that it is not well taken. As the Court has already noted, while Sixth Circuit precedent requires the ALJ to consider the opinion of nurse practitioners like Milner, and make record of that consideration, the ALJ has the discretion to afford that opinion any weight she deems appropriate based on the record. *See Noto*, 632 F. App'x at 248–249.

Furthermore, SSR 66-03P, which states only that opinions such as Milner's are "important and should be evaluated . . . along with other evidence in the file" is not to the contrary. *See* SSR 06-03P, 2006 WL 2329939, at *2. As the Court has already indicated, it finds that the ALJ did evaluate Milner's opinion, and thus, the ALJ did not act in a manner inconsistent with SSR 66-03P. In sum, the Court agrees with Judge Lee that the ALJ adequately considered Milner's opinion in reaching the disability determination, and the Court will overrule plaintiff's objection in this respect.

### B. Consideration of Two State-Agency Non-Examining Consultants

Plaintiff appears to also argue that the ALJ's decision is flawed, because the ALJ considered the opinions of two state-agency non-examining medical consultants who did not have access to all of the claimant's medical records at the time of review.

As an initial point, the Court notes that the argument regarding the state-agency medical consultants is not one that plaintiff made to Judge Lee, and as such, the Court will deem it waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (noting that a "claim raised for the first time in objections to a magistrate judge's report is deemed waived"). Furthermore, even were the Court to consider this argument, it would not be well taken, as the weighing and considering of these opinions by the ALJ was within the ALJ's discretion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013) ("The ALJ was not precluded from relying on the opinion of a non-examining physician."); *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011) ("There is no categorical requirement that the non-treating source's opinion be based on a 'complete'

or 'more detailed and comprehensive' case record. The opinions need only be supported by evidence in the case record."). As such, the Court will overrule plaintiff's objection insofar as it challenges the ALJ's consideration of the state-agency consultants.

### C. Overall Considerations

Based on the record in this case the Court agrees with Judge Lee that the ALJ applied the correct standards, and that their decision was supported by substantial evidence. While the Court will not endeavor to recite all of the ALJ's specific findings on this issue, findings to which plaintiff has offered no specific objection, the Court does note in particular that the ALJ relied on the medical opinions of the state-agency consultants, who opined that plaintiff's cardiac condition could be controlled with hardly any residual effects from her 2003 stroke [Doc. 18 p. 11 (citing Tr. 16–17, 47–48, 58–59)]. Furthermore, the ALJ noted that plaintiff's cardiovascular condition could be controlled by conservative medications. *See Grant*, 372 F. App'x at 585–86. While plaintiff may argue that Milner's opinion supports a finding of disability, the ALJ's decision "is not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2001).

### III. Conclusion

For the reasons discussed herein, and upon careful and *de novo* review of the record and the law, the Court is in agreement with Magistrate Judge Lee's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court will **OVERRULE** plaintiff's objection to the R&R [Doc. 19]. Plaintiff's motion for summary judgment [Doc. 14] will be **DENIED**, and the Commissioner's motion for summary judgment [Doc. 16] will

8

be **GRANTED**. The Commissioner's decision denying benefits will be **AFFIRMED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE